Howard J. Steinberg (SBN 89291)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
steinbergh@gtlaw.com

Attorneys for Access Road Capital, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>AFTERSHOCK COMICS, LLC, a California limited liability company,<br><br>   Debtor and Debtor in Possession.<br><br>In re:<br><br>RIVE GAUCHE TELEVISION, a California corporation,<br><br>   Debtor and Debtor in Possession.<br><br>☒ Affects both Debtors<br>☐ Affects AfterShock Comics, LLC only<br>☐ Affects Rive Gauche Television only | CASE NO. 1:22-bk-11456-MB<br><br>Jointly administered with:<br>1:22-bk-11457-MB<br>(Rive Gauche Television)<br>Chapter 11 Cases<br><br>**OPPOSITION OF ACCESS ROAD CAPITAL, LLC TO EX PARTE MOTION FOR CONTINUANCE OF: EVIDENTIARY HEARING ON MOTION FOR ENTRY OF AN INTERIM ORDER: (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING; (II) GRANTING ADEQUATE PROTECTION REPLACEMENT LIENS; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF; HEARING ON EMERGENCY MOTION FOR AUTHORITY TO (1) PAY PRE-PETITION PRIORITY WAGES AND COMMISSIONS; AND (2) HONOR EMPLOYMENT AND BENEFIT POLICIES (RELATES TO DOC. NO. 12)**<br><br>DATE:    January 6, 2023<br>TIME:    9:30 a.m.<br>PLACE:  Originating from 303<br>             21041 Burbank Boulevard<br>              Woodland Hills, CA  91367<br><br>(To Be Held Remotely Using ZoomGov Audio and Video) |

I. **STATEMENT OF FACTS**

On December 22, 2022, the Court granted the Debtors' Application for order setting hearing on shortened notice with respect to the Debtors' EMERGENCY MOTION FOR ENTRY OF AN INTERIM ORDER: (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING; (II) GRANTING ADEQUATE PROTECTION REPLACEMENT LIENS; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF (the "Order") (Doc. No. 25).  The Order provides that oppositions may be made orally at the hearing.  Thus, the Order does not contemplate that there would be discovery in advance of the hearing.  Nor does it require that opponents provide any advance disclosure of the identity of the declarants who will be relied upon or the exhibits that will be used to support the opposition.

On December 29, 2022, the Court held a hearing on the EMERGENCY MOTION FOR ENTRY OF AN INTERIM ORDER: (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING; (II) GRANTING ADEQUATE PROTECTION REPLACEMENT LIENS; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF (the "Motion").  The Court ruled, among other things, that the Debtors had made an insufficient showing that Access Road Capital, LLC ("Access") would be adequately protected if the Debtors were authorized to use cash collateral. Rather than deny the Motion, the Court provided the Debtors with a second bite of the apple, gave significant guidance as to what evidence would need to be adduced in order for the Court to grant the Motion, and set an evidentiary hearing on the continued Motion on January 6, 2023. The Court offered to set the hearing the following day but the Debtors specifically requested this additional time.  Consistent with its ruling at the time of the hearing, the Court entered an Order Scheduling Evidentiary Hearing on Debtors' Motion to Use Cash Collateral and (2) Continuing Hearing on Employee Wage and Benefit Motion ("Scheduling Order") (Doc. No. 42) which provides that a witness list is to be filed on January 4, that exhibits are to be filed on January 5, and the hearing will go forward on January 6.  The Scheduling Order does not limit the witnesses to declarants. The Debtors did not object to this expedited protocol at the hearing.

Following the hearing, Access requested a few, narrow category of documents seeking current financial statements and income information about titles in the Debtors' library, information which

1

should have been included in the Motion.  The failure to turn over relevant documents or include them in their filings appears to be a deliberate attempt by the Debtors to obfuscate the facts so that relief can be obtained on the basis of  sweeping, unsupported statements about the value of their assets. On January 3, 2023, the Debtors for the first time advised Access that they wished to depose witnesses who Access will be calling. Given the limited time between the request and the hearing, Access declined to do so as the request appears to be designed to impede Access' ability to prepare for the hearing.  The Debtors do not contend that they are not prepared to move forward with the Motion.  Indeed, they have filed a Witness List with 5 witnesses.  As such, there is no showing of a need for a continuance.

## II.    THE REQUEST FOR A CONTINUANCE SHOULD BE DENIED

The Debtors set forth four alleged reasons to support their request for a continuance.  First, they say they will have a limited time to evaluate discovery requests.  This limitation was known at the time the parties agreed to schedule the hearing.  Second, they say the parties have not yet exchanged documents and it is unclear what exhibits will be offered.  This exchange of exhibits is set the day before the hearing which was likewise known by the Debtors and not objected to at the hearing.  Third, they say that Access will be offering testimony from someone in addition to the declarant, Ethan Rosenbaum.  This too was contemplated by the Scheduling Order.  Further, on the Debtors' witness list, they have identified four witnesses for whom they did not provide a declaration.  Finally, they say that if the parties complete discovery, it will allow for a more complete presentation of evidence at the hearing for interim relief.  This is not correct.  Deposing Access' witnesses' should have no bearing on the evidence the Debtors are required to set forth in order to satisfy their burden of proof on the issue of adequate protection. The discovery  process  the Debtors seek to have imposed is inconsistent with that which was discussed at the hearing and was the subject of the Scheduling Order.  The issues now raised by the Debtors were readily ascertainable at the time the hearing was set and the Debtors have not demonstrated that they will be prejudiced if a continuance is not granted.  Conversely, Access and the Debtors will be put to considerable expense if the hearing is continued.

If the Court is inclined to grant this request, then the right to conduct discovery must be reciprocal and setting the hearing in 5 days to allow the Debtors to conduct depositions without affording similar rights to Access would be unfair and highly prejudicial.  Given the number of witnesses on the Debtors'

witness list and the Debtors' failure to provide any information as to what four of the witnesses will testify to by means of declarations or disclosures in their Motion, a continuance of at least two weeks is warranted.

DATED: January 4, 2023                    GREENBERG TRAURIG, LLP


By /s/ Howard J. Steinberg
Howard J. Steinberg
Attorneys for Access Road Capital, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Greenberg Traurig LLP, 1840 Century Park East, Suite 1900, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION OF ACCESS ROAD CAPITAL, LLC TO EX PARTE MOTION FOR CONTINUANCE OF: EVIDENTIARY HEARING ON MOTION FOR ENTRY OF AN INTERIM ORDER: (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING; (II) GRANTING ADEQUATE PROTECTION REPLACEMENT LIENS; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF; HEARING ON EMERGENCY MOTION FOR AUTHORITY TO (1) PAY PRE-PETITION PRIORITY WAGES AND COMMISSIONS; AND (2) HONOR EMPLOYMENT AND BENEFIT POLICIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 1/4/23, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Russell Clementson**    russell.clementson@usdoj.gov
- **Jeffrey S Kwong**    jsk@lnbyg.com, jsk@ecf.inforuptcy.com
- **David L. Neale**    dln@lnbyg.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.    ☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 1/4/23, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA OVERNIGHT MAIL
Honorable Martin Barash
USBC. Central District of California
21041 Burbank Blvd., Suite 342, Ctrm 303
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/4/2023 | Terrine Pearsall | /s/ Terrine Pearsall |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
*ACTIVE 684303406v2*