DAVID L. NEALE (SBN 141225)
JEFFREY S. KWONG (SBN 288239)
LEVENE, NEALE, BENDER, YOO & Golubchik L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: dln@lnbyg.com; jsk@lnbyg.com

Attorneys for Chapter 11 Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>AFTERSHOCK COMICS, LLC, a California limited liability company,<br><br>      Debtor and Debtor in Possession.<br><br>In re:<br><br>RIVE GAUCHE TELEVISION, a California corporation,<br><br>      Debtor and Debtor in Possession.<br><br>☒ Affects both Debtors<br>☐ Affects AfterShock Comics, LLC only<br>☐ Affects Rive Gauche Television only | Case No.: 1:22-bk-11456-MB<br><br>Jointly administered with:<br>1:22-bk-11457-MB (Rive Gauche Television)<br><br>Chapter 11 Cases<br><br>**FIFTH CHAPTER 11 STATUS REPORT**<br><br>Hearing:<br><br>Date: April 16, 2024<br>Time: 1:30 p.m.<br>Place: 21041 Burbank Blvd, Ctrm 303<br>Woodland Hills, CA 91367<br><br>Or By:<br><br>**ZoomGov**<br>https://cacb.zoomgov.com/j/1618217986<br>ZoomGov meeting number: 161 821 7986<br>Password: 911051<br>Telephone conference lines: 1 (669) 254 5252<br>or 1 (646) 828 7666 |

TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE:

AfterShock Comics, LLC ("Aftershock") and Rive Gauche Television ("RGTV," and together with Aftershock, the "Debtors"), the Chapter 11 debtors and debtors in possession herein, hereby submit their fifth Chapter 11 case status report:

At the March 26, 2024 status conference, the Court expressed its concern that not all of the Debtors' former and current employees have been paid their wages and benefits for their services provided to the Debtors post-petition (the "Owed Wages").[1] The Debtors understand the importance of compensating their employees, and fully agree with the Court that that the Owed Wages should be paid in full as soon as possible. Prior to the status conference and on an ongoing basis (in the hope that ARC would consent to release payroll), the Debtors have been calculating the amount of Owed Wages outstanding for each of their current and former employees. The Debtors have also devised a "cash flow" strategy and plan to have the payment of the Owed Wages accomplished.

The Debtors never had any intention of using the Owed Wages to "finance" the Debtors' bankruptcy cases. To the contrary, as has been expressed repeatedly by the Debtors in their cash collateral motions, one of the Debtors' top priorities has been retaining employees to maintain the going concern nature of their businesses. The reason why the Owed Wages were not paid is because – despite **numerous** requests from the Debtors to have them paid – the Debtors' senior secured lender, Access Road Capital, LLC ("ARC"), has refused to allow the Debtors to use Cash Collateral to pay the Owed Wages (generally the largest expense on the Cash Collateral budgets). As described below, this has been the case even though ARC made numerous document and

---

[1] The Debtors have read the Declarations filed by Antonia Lianos and Laurie Carreira, and deeply sympathize with, and greatly appreciate the services provided by these two former employees. The Debtors repeatedly tried to get the payment of wages approved for these two former employees (and others), yet, as detailed herein, were unsuccessful. They were both longstanding and instrumental contributors to the success of the Debtors who decided to leave the Debtors because of the aggressive positions taken by ARC with respect to Cash Collateral, and the hardships that non-payment of their wages caused. Obviously they are missed in many ways.

2

1  information requests of the Debtors, which required the Debtors' employees to work over and
2  above their normal job responsibilities (of which the Debtors were made well aware and
3  acknowledge), and to which the Debtors promptly responded.  The Debtors' efforts to communicate
4  how necessary it was to pay these employees to continue to provide these services and support the
5  Debtors' operations fell on deaf ears.
6    Moreover, ARC's communications to the Debtors suggested that consent to use Cash
7  Collateral to pay payroll would be forthcoming if it was provided with various requested
8  information and documents.  As a result, the Debtors relied on these communications to comply
9  with ARC's requests for information and documents on the belief that ARC's consent for the
10 Debtors to make payroll was forthcoming.  However, in reality, upon receiving a substantial
11 amount of information from the Debtors, ARC did not authorize payment of payroll (and likely
12 never had the intention of allowing the Debtors to pay their employees).  Unfortunately, as a result,
13 many of the Debtors' employees chose to leave the Debtors.  Although ARC undoubtedly wanted
14 the Debtors to reduce their employees, its conscious decision to withhold its consent to pay the
15 Debtors' employees was ruthless, and never gave the Debtors an opportunity to decide which of the
16 employees would "stay" or "go," and which resulted in some of the most contributors to the
17 Debtors leaving.
18   As the Court may recall, because the Debtors were not able to obtain the credit
19 enhancement necessary for the issuance of a debtor-in-possession loan that would allow the Debtors
20 to timely pay off ARC pursuant to the "*Stipulation By Official Committees of Unsecured Creditors*
21 *for Rive Gauche Television and AfterShock Comics, LLC and Debtors and Access Road Capital,*
22 *LLC Stipulation Regarding Settlement with Access Road and Debtors' Continued Use of Cash*
23 *Collateral*" [Doc. No. 230] filed with the Court on June 6, 2023 (the "6/6 Stipulation"), their
24 authority to use Cash Collateral under that Stipulation ceased shortly after September 15, 2023.[2]  In
25 fact, due to ARC's repeated refusal to allow for the Debtors to use Cash Collateral for virtually

---

[2] The extension of the payoff and cash collateral deadline from June 30, 2024 to September 15, 2024 was previously agreed upon by the parties, the terms of which were read into the record at the August 1, 2024 hearing.

3

anything, the Debtors were forced to file three (3) *emergency* motions for authorization to use cash collateral (the "Emergency Cash Collateral Motions"), which include the:

- (1) *"Debtors' Emergency Motion For Entry Of An Order Authorizing The Debtors To Use Cash Collateral On An Interim Basis"* [Doc. No. 342] filed on September 23, 2023, which stated that the Debtors were "forced to bring th[e] Motion" because of the "Lender's refusal to consent to the Debtors' continued Cash Collateral usage during the [one week] Period" from October 1, 2023 to October 6, 2023. (Doc. No. 342, p. 11).

- (2) *"Debtors' Emergency Motion For Entry Of An Order Authorizing The Debtors To Use Cash Collateral To Pay Owed Wages And Commissions"* [Doc. 359] filed on November 6, 2023, where the Debtors requested, given ARC's refusal to authorize the payment of wages, that the Court authorize the Debtors to, among other things, pay their employees and contractors post-petition compensation due to them on or around October 31, 2023 for services already performed. This was so even though: (1) the Debtors (with the help of their employees) negotiated and entered into a non-disclosure agreement with ARC, and worked diligently to provide ARC prompt answers and documents responsive to ARC's various requests and questions; and (2) ARC was repeatedly informed that nonpayment "would cause the Employees and Contractors not to be paid on a timely basis, and could result in certain of these individuals quitting (which, in turn, could potentially cause an operational shutdown and an erosion of value in the value of the Debtors)." (Doc. No. 359, p. 9). In the motion, the Debtors also argued that the payment of employee owed wages was necessary for them to comply with applicable state and federal law as contemplated by the 6/6 Stipulation. (Doc. No. 359, p. 17-18).

- (3) *"Debtors' Emergency Motion For Entry Of An Order Authorizing The Debtors To Use Cash Collateral For The Period Ending April 30, 2024"* [Doc. No. 403] filed on March 6, 2024, where the Debtors sought use of cash collateral for the period from the week ending March 1, 2024 to the week ending April 30, 2024. Again, in this motion and at the hearing thereon, the Debtors repeatedly stressed the necessity of having their employees paid. Each of the Emergency Motions were resolved by agreement, but it is very clear that the only reason the Debtors were unable to pay their employees on a timely basis was ARC's refusal to allow the Debtors to use of cash collateral

4

for that purpose. The Debtors want to be clear that they want their employees to be paid both timely and fully, and take this issue very seriously. However, given the fact that ARC has repeatedly refused to allow for use of Cash Collateral to pay employee wages (both current and back pay), the Debtors' hands have been tied. The Debtors will continue to try to negotiate with ARC to get the Owed Wages paid as soon as possible, but in the event that an agreement cannot be reached, the Debtors (1) intend to propose a Chapter 11 plan in the future that would pay these amounts in full on its effective date; and (2) will seriously consider filing a motion with the Court to authorize the Debtors to use Cash Collateral to pay the Owed Wages on the basis that the payment of these employee claims are fully consistent with the terms of the 6/6 Stipulation, which provides that the Court may authorize Cash Collateral usage that is necessary for the Debtors to "comply with any applicable state or federal law." (Doc. No. 230, pg. 5).

Among other issues, the usage of Cash Collateral to pay the Owed Wages is one important issue that the Debtors intend to address at the April 24, 2024 mediation with Judge Bluebond. The Debtors request that the Court continue the status conference for a period of approximately sixty (60) days.

April 12, 2024

                                  AFTERSHOCK COMICS, LLC &
                                  RIVE GAUCHE TELEVISION

                                  */s/   Jeffrey S. Kwong*
                                      David L. Neale
                                      Jeffrey S. Kwong
                                      LEVENE, NEALE, BENDER, YOO
                                          & GOLUBCHIK L.L.P.
                                  Counsel for Debtors and Debtors in Possession

## DECLARATION OF JONATHAN KRAMER

I, Jonathan Kramer, hereby declare as follows:

1. I am over 18 years of age. I am the Chief Executive Officer and President of AfterShock Comics, LLC ("Aftershock") and Rive Gauche Television ("RGTV," and together with Aftershock, the "Debtors"), respectively, the debtors and debtors in possession in the above-captioned Chapter 11 bankruptcy cases, and am therefore familiar with the business operations and have access to and knowledge regarding the financial books and records of the Debtors. I have personal knowledge of the facts set forth below and, if called to testify as a witness, I could and would competently testify thereto.

2. I am familiar with the history, organization, operations and financial condition of the Debtors. The records and documents referred to in this Declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtors' business at or near the time of act, condition or event to which they relate by persons employed by the Debtors who had a business duty to the Debtors to accurately and completely take, make, and maintain such records and documents. The statements set forth in this declaration are based upon my own personal knowledge and my review of the Debtors' books and records.

3. I have read the status report to which this Declaration is attached (the "Status Report"). All capitalized but undefined terms herein shall have the same meanings ascribed to them in the Status Report. I hereby verify that all information set forth in the Status Report is true and correct to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of April 2024, at Sherman Oaks, California.

_____
JONATHAN KRAMER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing documents entitled **FIFTH CHAPTER 11 STATUS REPORT** will be served or were served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 12, 2024** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jessica L Bagdanov**   jbagdanov@bg.law, ecf@bg.law
- **Keith Patrick Banner**   kbanner@greenbergglusker.com, calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com
- **Sara Chenetz**   schenetz@perkinscoie.com, docketLA@perkinscoie.com;cmallahi@perkinscoie.com;jkulow@perkinscoie.com;chenetz-sara-perkins-coie-8670@ecf.pacerpro.com;rleibowitz@perkinscoie.com
- **Russell Clementson**   russell.clementson@usdoj.gov
- **Alan W Forsley**   alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Evelina Gentry**   evelina.gentry@akerman.com, rob.diwa@akerman.com
- **Tracy Green**   tgreen@fennemorelaw.com, ecfbankruptcy@fennemorelaw.com
- **Robbin L. Itkin**   ritkin@sklarkirsh.com, mduran@sklarkirsh.com;KFRAZIER@SKLARKIRSH.COM
- **Michael S Kogan**   mkogan@koganlawfirm.com
- **Jeffrey S Kwong**   jsk@lnbyg.com, jsk@ecf.inforuptcy.com
- **Timothy McMahon**   tmcmahon@sklarkirsh.com, mduran@sklarkirsh.com
- **David L. Neale**   dln@lnbyg.com
- **Howard Steinberg**   steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **United States Trustee (SV)**   ustpregion16.wh.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**:
On **April 12, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Blvd, Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 12, 2024** I will serve the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 12, 2024 | Lisa Masse | /s/ Lisa Masse |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**