**FILED & ENTERED**

**JUN 28 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Cetulio    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>AFTERSHOCK COMICS, LLC, a California limited liability company,<br><br>       Debtor and Debtor in Possession.<br><br>In re:<br><br>RIVE GAUCHE TELEVISION, a California corporation,<br><br>       Debtor and Debtor in Possession.<br><br>Affects both Debtors | Lead Case No.: 1:22-bk-11456-MB<br><br>Jointly administered with: 1:22-bk-11457-MB (Rive Gauche Television).<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE CONVERTED TO CHAPTER 7**<br><br>Hearing:<br>Date: July 3, 2024<br>Time: 1:30 p.m.<br>Place: 21041 Burbank Blvd, Ctrm 303<br>Woodland Hills, CA 91367<br><br>Zoom Link for Observers Only<br>Meeting URL:<br>https://cacb.zoomgov.com/j/1609370823<br>Meeting ID: 160 937 0823<br>Password: 353132 |

On December 19, 2022, AfterShock Comics, LLC ("AfterShock") and Rive Gauche Television (together "Debtors") filed for chapter 11 relief.  On December 20, 2022, an order for joint administration was entered and the case has proceeded with the AfterShock case as the lead case.  Debtors brought a first day motion for cash collateral on shortened notice and on December 28, 2022, eight days after the filing of the case, Access Road Capital, LLC ("ARC" or "Access Road") filed its opposition to the emergency motion for interim use of cash collateral.  On January 24, 2023, an order approving the cash collateral use was entered onto the docket.

On January 31, 2023, Debtors and ARC reached a stipulation for continued use of cash collateral that was approved by order of the court filed February 1, 2023.  On March 7, 2023, ARC submitted is objection to approval of a budget in connection with continued use of cash collateral.  On April 12, 2024, the Court entered order further extending interim use of cash collateral and scheduled a continued hearing for June 7, 2023.

On June 6, 2023, Debtors and Access Road agreed to a stipulation, subsequently approved by the Court, that provided for use of cash collateral through July 28, 2023.  Dkt. 230.  Subsequently, Access Road extended that period as evidenced by the orders on the docket at Dkts. 305, 346, 353, 371, 425, 443, and 454.

The process of extending the period has often been contentious and Debtors' employees have gotten caught in the crosshairs.  In the Emergency Motion at Docket 356, Debtor argued that cash collateral was necessary to pay the employees, otherwise they would quit.  Accordingly, the Order at Docket 371, which resolved the Motion at Docket 356, provided for payment of employee wages due through October 31, 2023.  However, many employees subsequently went unpaid beginning in November 2023.  Dkt. 407 at 7:13-19.  Many employees quit but some "continu[ed] to provide essential services to Debtors – despite not being paid since November 2023…".  Dkt. 407 at 11:5-7.  It appears that the Debtor continued to employee individuals without authority to use cash collateral to pay them and with no other source of funds to do so.

In addition to having unpaid employee wages, Debtor has failed to remain current on post-petition tax obligations.  Debtor's Monthly Operating Report for the period ending February 29, 2024 indicates that Debtor has not paid any post-petition taxes throughout the pendency of the

1
**ORDER**

bankruptcy case which was filed December 19, 2022.  Dkt. 423 at Part 6(b), (d), (e), and (g).  The Monthly Operating Report for the period ending April 30, 2024 (the "April 30 MOR") seems to correct the record, at least partially, by attesting that Debtor has paid $55,456 in postpetition employer payroll taxes during the case.  Dkt. 457 at Part 6(d).  April 30 MOR is internally inconsistent.  That document also states that only $14,544 in postpetition employer payroll taxes had accrued.  *Id*. at Part 6(c).  In the other tax categories, Debtor has yet to render any tax payments and does not even know the extent of its liabilities.  *Id*. at Part 6.  Instead, Debtors "require the assistance of an accountant to obtain [tax] information."  Dkt. 440.  Nevertheless, no application to employ an accountant has been filed in this Court.

  Bankruptcy Code section 1112(b)(1) provides that, in a chapter 11 case, if there is cause, the case shall be dismissed or converted to chapter 7.  Cause includes substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, gross mismanagement of the estate, and failure to timely pay postpetition taxes.  11 U.S.C. §§ 1112(b)(1)(A), (B), and (I).  It appears to the Court that there is cause for relief under section 1112(b).

  As between conversion and dismissal, it appears to the Court that conversion to chapter 7 is in the best interest of creditors and the estate.

  **IT IS HEREBY ORDERED** that Debtors and Debtors' counsel appear and show cause why this chapter 11 case should not be converted to chapter 7.

  **IT IS FURTHER ORDERED** that the hearing will be held in person on **July 3, 2024 at 1:30 p.m. prevailing Pacific Time** before the Honorable Martin R. Barash in courtroom 303 of the United States Bankruptcy Court, Central District of California, San Fernando Valley Division, located at 21041 Burbank Boulevard, Woodland Hills, CA 91367.

//

//

//

//

//

2

**ORDER**

**IT IS FURTHER ORDERED** that any party in interest may file a response and evidence in support thereof no later than **6:00 p.m. prevailing Pacific Time on July 2, 2024**. If any declarations are filed, the declarants shall be made available for questioning and cross-examination in person in Courtroom 303 at the hearing.

**IT IS FURTHER ORDERED** <u>that Debtors serve this order on all creditors by 5:00 p.m. Pacific Time on June 28, 2024, by personal delivery, overnight mail, first class mail, facsimile, email, or NEF.</u>

### ###

Date: June 28, 2024

Martin R Barash
United States Bankruptcy Judge