Honorable Judge Martin R. Barash
California Central Bankruptcy Court
Woodland Hills Divisional Office
21041 Burbank Boulevard
Woodland Hills, CA 91367-6609

**FILED**
AUG - 9 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

RE: Bankruptcy Petition #: 1:22-bk-11456-MB AfterShock Comics, LLC
    Bankruptcy Petition #: 1:22-bk-11457-MB Rive Gauche Television

## Declaration 2 of Laurie Carreira, August 5, 2024

1. I am a former employee, now creditor, of Rive Gauche Television. I have personal knowledge of the facts stated below, and if I were called as a witness, I could competently testify to what I have written in this Declaration.

2. **SUMMARY OF REQUESTED ORDERS:** I ask the court to order: Prompt payment of back wages earned post-petition, as well as accrued vacation that is owed to me.

3. **Issue #1:** I still have not been paid my post-petition wages earned from November 1, 2023 – December 13, 2023, or my vacation pay earned both pre and post-petition. My last paycheck was for the pay period ending October 31, 2023. My last day with the company was December 13, 2023.

   During the hearing on May 7, 2024, there was discussion about negotiating a package to pay past due wages. During the same hearing, the lawyer for AfterShock Comics, LLC., David Neale, stated that employees were told that they were working without pay and that Jon Kramer, the CEO of AfterShock Comics, LLC., had met with us to inform us of this, and that we agreed to this condition. This was absolutely not the case. At no time did Jon Kramer meet with me. The only information I received regarding missing pay was provided via company emails, for which I can provide an email chain, and via weekly staff meetings, during which I took notes. We were led to believe that payroll was expected soon, that delays would not happen again, that funding was imminent, and that the lender would be paid off soon. I was never told that there was a possibility that I would not be paid, and I would not have stayed working under such conditions.

   On Jun 4, 2024, Russell Clementson asked for a schedule for when employees would be paid past due wages. Again, Mr. Neale stated that we, the employees, were advised about not being paid and chose to remain working for the company. This was not the case during the time that I worked for the company.

   During the hearings on July 18, 2024, and August 2, 2024, no mention of paying post-petition past due wages was made. My intent is to clarify the situation regarding back wages, since the debtor's attorney verified that employees were being paid and did not provide a status of payment of back wages.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true.

_[signature]_ Laurie Carreira    DATED: 8/6/24

Laurie Carreira
PO Box 57074
Sherman Oaks, CA 91413
T: 312.339.4807