1  DAVID L. NEALE (SBN 141225)
   JEFFREY S. KWONG (SBN 288239)
2  LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
   2818 La Cienega Avenue, Los Angeles, California 90034
3  Telephone: (310) 229-1234
   Email: dln@lnbyg.com; jsk@lnbyg.com
4  Attorneys for Chapter 11 Debtors and Debtors in Possession

**FILED & ENTERED**

**APR 14 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY Cetulio    DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re: | ) Lead Case No.: 1:22-bk-11456-MB |
| | ) |
| AFTERSHOCK COMICS, LLC, a California limited liability company, | ) Jointly administered with:<br>) 1:22-bk-11457-MB<br>) (Rive Gauche Television). |
| Debtor and Debtor in Possession. | ) |
| | ) Chapter 11 Cases |
| In re: | ) |
| | ) |
| RIVE GAUCHE TELEVISION, a California corporation, | ) **ORDER GRANTING "MOTION FOR**<br>) **ENTRY OF AN ORDER: (1)**<br>) **AUTHORIZING THE FILING OF A** |
| Debtor and Debtor in Possession. | ) **COMBINED DISCLOSURE**<br>) **STATEMENT AND PLAN; (2)**<br>) **APPROVING THE DISCLOSURE** |
| ☒ Affects both Debtors | ) **STATEMENT; AND (3) SETTING**<br>) **PROCEDURES FOR SOLICITATION,**<br>) **AND PLAN CONFIRMATION"** |
| | ) |
| | ) Hearing:<br>) Date:    April 8, 2025<br>) Time:    1:30 p.m.<br>) Place:   Courtroom 303<br>)            21041 Burbank Boulevard<br>)            Woodland Hills, CA 91367 |

2

On April 8, 2025 at 1:30 p.m., the Court held a hearing regarding the "*Motion for Entry Of An Order: (1) Authorizing The Filing Of A Combined Disclosure Statement And Plan; (2) Approving The Disclosure Statement; And (3) Setting Procedures For Solicitation And Confirmation Of The Plan Proponents' Joint Chapter 11 Plan*" [Doc. No. 555] (the "Motion")[1] filed by AfterShock Comics, LLC ("Aftershock") and Rive Gauche Television ("RGTV," and together with Aftershock, the "Debtors"), the debtors and debtors-in-possession in the above-captioned chapter 11 bankruptcy cases. All appearances were noted on the record.

The Court, having considered the Motion, the disclosure statement describing the Chapter 11 plan dated March 14, 2025 [Doc. No. 552], the revised disclosure statement (the "Disclosure Statement") describing the Chapter 11 plan dated April 7, 2025 [Doc. No. 566] (the "Plan, and together with the Disclosure Statement, the "DS/P"), the oppositions filed by Dog Whisperer Productions, LLC ("DWP") and the United States Trustee (the "UST") [Doc. Nos. 562, "DWP Opposition"; and Doc. No. 563, "UST Opposition," respectively, and collectively, the "Oppositions"] to the Motion, the Debtor's reply to the Oppositions, all evidence and other documents submitted in support of the foregoing, the statements, representations, and arguments of counsel made on the record of the hearing, and based further upon the findings of fact and conclusions of law as stated on the record which are hereby incorporated by reference pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and it appearing that notice of the Motion was proper, and for good cause appearing:

1. The Motion is granted;

2. The Disclosure Statement describing the Chapter 11 Plan dated April 7, 2025 is approved as containing "adequate information" as defined in Bankruptcy Code section 1125 and Bankruptcy Rule 3017.

3. The form and content of the revised Ballot and notice of the confirmation hearing (which provides, among other things, notice of certain dates and deadlines pertaining to Plan confirmation, and the Debtors' proposed assumption of certain unexpired leases and executory

---

[1] All capitalized but undefined terms herein have the same meanings ascribed to them in the Motion.

contracts, the "Confirmation Hearing Notice") filed collectively on the Court's docket as docket number 568 are approved in their entirety.

3. A hearing for the Court to consider confirmation of the Plan shall take place on **May 12, 2025, at 1:30 p.m.** (the "Confirmation Hearing").

4. The Debtors shall mail the DS/P, ballots, and Confirmation Hearing Notice (the "Solicitation Package"), to all parties entitled to receive such documents by not later than **April 15, 2025.**

5. In order to be counted, ballots must be received by counsel for the Debtors by not later than **May 2, 2025, at 5:00 p.m.** (Pacific time) by the means specified in the Solicitation Package.

6. Objections, if any, to confirmation of the Plan and/or the proposed assumption of the Debtors' unexpired leases and executory contract, together with all evidence in support of such objections ("Objections"), shall be filed with the Court and served upon counsel for the Debtors and all other parties entitled to receive such filings, by **May 2, 2025 at 5:00 p.m.**

7. The Debtors shall file a ballot tabulation summary, together with a brief in support of confirmation of the Plan, a reply to any Objections, and all evidence in support of thereof, and serve such documents on any party filing an Objection and all other parties entitled to receive such filings, by **May 8, 2025 at 5:00 p.m.**

8. The following voting procedures shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Bankruptcy Rules:

    a. the amount of a claim for purposes of ballot tabulation will be:

        i. for a claim identified in the Schedules as not contingent, not unliquidated, and not disputed, and that has not been disallowed, waived, or withdrawn by order of the Court, stipulation, or otherwise prior to the Balloting Deadline, and for which no proof of claim has been timely filed, the claim

1  amount as identified in the Schedules (the "Scheduled Amount");

3  ii.  for a timely proof of claim that is filed in a specified liquidated amount and that is not the subject of an objection filed before the Balloting Deadline that has not been disallowed, waived, or withdrawn by order of the Court, stipulation, or otherwise prior to the Balloting Deadline, the specified liquidated amount in such proof of claim (the "Liquidated Amount"); and

10  iii.  for a claim that is the subject of an objection in whole or in part before the Balloting Deadline, only the undisputed amount, if any, of such claim, unless such claim is temporarily allowed under Bankruptcy Rule 3018(a).

14  b.  If an entity submits a Ballot for a claim (i) for which there is no timely proof of claim filed and for which there is no corresponding Scheduled Amount, or (ii) which is the subject of an unresolved objection filed prior to the Confirmation Hearing, such Ballot will not be counted unless otherwise ordered by the Court.

19  c.  If an entity casts more than one eligible Ballot with respect to the same claim before the Balloting Deadline, the last Ballot received prior to that deadline shall supersede any prior Ballot(s) by such entity with respect to such claim.

23  d.  Creditors that may have claims in more than one class under the Plan must submit a separate Ballot for voting their claims in each such class.  Any creditor that requires additional copies of a Ballot may either photocopy the original Ballot or obtain an additional Ballot pursuant to the instructions set forth in the Confirmation Hearing Notice and the proposed Ballot.  If a creditor uses one Ballot to vote claims in more than one class, such combined Ballot will not be counted.

  e. Any Ballot that is incomplete or that is not received by the applicable deadline shall not be counted; provided, however, that any Ballot that is signed but that does not indicate an acceptance or rejection of the Plan shall be deemed to be a Ballot accepting the Plan.

  f. The Debtors shall tabulate the Ballots and prepare the appropriate reports with respect thereto. After tabulation of the Ballots, a Plan Ballot Summary be filed with the Court.

**IT IS SO ORDERED.**

###

Date: April 14, 2025

Martin R Barash
United States Bankruptcy Judge